The subject of the action was a horse, which was contracted for by the plaintiff with one Dobson, provided Jason Carson should, when he saw the horse, approve him. Jason, at the plaintiff's request, went to Dobson's, approved the horse, and received him into his possession as the plaintiff's property; he then put him in possession of the plaintiff's father until the plaintiff might choose to take him away, the father using the horse in the meantime as his own property, with the consent of Jason. Afterwards the plaintiff, being at his father's, had the horse in his possession, but not choosing to take him away then, still left him in his care, with the same permission to use him until he could send for him. One Roston passing by the father's, on his way to a trial several miles off, borrowed the horse to ride; a judgment was recovered against Roston, and the horse was sold by the defendant, a constable, under an execution.
It seems to be well settled that either an actual or a constructive possession will entitle a person to bring trespass. Where he has the right of present possession, though the actual possession may not be in him, it is sufficient; and although the actual possession be in another, under such circumstances as enable the owner to determine it when he please, by retaking the property, yet he is not precluded from bringing this action. The father of the plaintiff had the possession, as the depository of the plaintiff, but there was also an implied possession in the latter, as there is in an owner who employs a carrier. In (137) Ward v. Macauley, 4 Term Rep., 489, the owner had parted with the right of possession to the furniture during the continuance of the lease, and therefore he could not maintain trespass. Lord Kenyon
there thought he might bring trover, in respect of the right being in him; but he afterwards retracted that opinion, and in Gordon v. Harper, 7 Term, 9, it was held that in such a case even trover would not lie. In this case the plaintiff allowed his father to use the horse until he thought proper to take him, and whether the horse was taken from the father or *Page 109 
from Roston makes no difference, since a sufficient possession remained in the plaintiff for the protection of his property.
Judgment for the plaintiff.
Cited: White v. Morris, 8 N.C. 303.